IN THE COUNTY COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No.

**HARRISON DESFORGES,**

    Plaintiff,

v.

**THE LAW OFFICES OF MITCHELL D. BLUHM & ASSOCIATES LLC,**

    Defendant.

_____/

**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

## COMPLAINT

Plaintiff Harrison Desforges ("Plaintiff") sues The Law Offices of Mitchell D. Bluhm & Associates LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"),

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Palm Beach County, Florida.

3. The amount in controversy is greater than $8,000, but does not exceed $15,000, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Palm Beach County Florida.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

6. Defendant is a Georgia limited liability company, with its principal place of business located in Sherman, Texas.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

9. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Sterling Emergency Services of Florida PA, and Plaintiff (the "Subject Service").

10. The Subject Service was primarily for personal, family, or household purposes.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15. Defendant's "Consumer Collection Agency" license number is CCA0900453.

16. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

17. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

18. Defendant maintains and keeps updated within seven (7) days the records required by Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

19. Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

20. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

21. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

22. On a date better known to Defendant, Defendant sent a collection letter, internally dated August 16, 2022, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

23. In the Collection Letter, Defendant presents the consumer with a "special offer." *See* Collection Letter.

24. In the Collection Letter, Defendant states: "We have been authorized to extent to you a special offer to resolve this account for a payment in the amount of $1,167.60. This offer will save you 30%." *See* Collection Letter.

25. The Collection Letter falsely represents that the consumer has the opportunity to reduce the contractual amount actually owed to the current creditor without further financial consequences to the consumer.

26. The Collection Letter deceives the least sophisticated consumer into believing that he or she can reduce the contractual amount actually owed to the current creditor without further financial consequences to the consumer.

27. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

28. The Collection Letter represents an action to collect a debt by Defendant.

### COUNT 1
### VIOLATION OF 15 U.S.C. § 1692e(10)

29. Plaintiff incorporates by reference paragraphs 8 through 28 of this Complaint.

30. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*" 15 U.S.C. § 1692e(10) (emphasis added). *See* Michael v. Hovg, 232 F. Supp. 3d 1229, 1237 (S.D. Fla. 2017) ("Importantly, '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" (*quoting* Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1062 (9th Cir. 2011))); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1194 (11th Cir. 2010) ("[T]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced.").

31. Here, the Collection Letter represents that the least sophisticated consumer is being offered a *discount* with respect to the Consumer Debt. *See, e.g.*, Collection Letter ("We have been

authorized to extent to you a special offer to resolve this account for a payment in the amount of $1,167.60. This offer will save you 30%"). This is both false *and* deceptive.

32. The "special offer" offered in the Collection Letter is false, as well as deceptive, because the creditor of the Consumer Debt is not offering to *reduce* the contractual amount *actually owed* by the least sophisticated consumer. Instead, the creditor is offering the least sophisticated consumer an opportunity to *settle* the Consumer Debt for less than the full amount. This distinction is significant because consumer debts that are settled for less than the full balance negatively impacts the consumer credit and ability to secure future lines of credit.

33. The "special offer" offered in the Collection Letter is false, as well as deceptive, because it causes the least sophisticated consumer to wrongfully believe his or her financial obligations associated with the Consumer Debt would be fully satisfied if he or she paid reduced amount offered in the Collection Letter. In reality, the Internal Revenue Service ("IRS") treats debt forgives, *e.g.*, the "special offer" offered in the Collection Letter, as taxable income had by the consumer. *See* Buchanan v. Northland Group, Inc., 776 F.3d 393, 399 (6th Cir. 2015) (reversing dismissal of FDCPA claim involving a letter that used the term "settlement offer" and stating, "[t]he other problem with the letter is that an unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment. Not true: Some payment is worse than no payment.") Here, the creditor is not offering a reduction of the amount contractually owed by the consumer. Instead, the creditor is offering the least sophisticated consumer an opportunity to settle the Consumer Debt for less than the full amount. Thus, by representing to the least sophisticated consumer that he or she has the opportunity to *save*, or that the underlying debt is being *discounted*, the Collection Letter is false, as well as deceptive.

34. As such, Defendant violated § 1692e(10) of the FDCPA by utilizing false representations and/or deceptive means in the Collection Letter in an attempt to collect the Consumer Debt.

35. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a) Statutory and actual damages as provided by 15 U.S.C. § 1692k;

    (b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (c) Any other relief that this Court deems appropriate under the circumstances.

DATED: October 27, 2022

Respectfully Submitted,

/s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail: Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail: Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
3323 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone: 561-542-8550

*COUNSEL FOR PLAINTIFF*

# EXHIBIT "A"

MBASE ID: 0510-0761-15-780-09728-2724



# THE LAW OFFICES OF
# MITCHELL D. BLUHM & ASSOCIATES, LLC
## ATTORNEYS AT LAW
1313 N. TRAVIS STREET, SUITE 103
SHERMAN, TEXAS 75092

August 15, 2022

Original Creditor: Sterling Emergency Services Of Florida PA
Current Creditor: CF Medical LLC
Original Account #: 903X73818593
MBA Account #: 26053358
Patient: HARRISON DESFORGES
Date of Service: 08/29/2020
Balance: $1668.00

Dear HARRISON DESFORGES

This law firm represents CF Medical LLC. Your Sterling Emergency Services Of Florida PA account was acquired by CF Medical LLC and placed with this law firm for collection. At this time, no attorney with this law firm has personally reviewed the particular circumstances of your account.

We have been authorized to extend to you a special offer to resolve this account for a payment in the amount of $1167.60. This offer will save you 30%. If you choose to accept this offer, payment should be received in this office on or before 09/19/2022.

To discuss payment, please contact us at 888-887-6755. To ensure professional service and legal compliance, all telephone calls to and from this firm may be monitored and/or recorded.

**MBA Hours of Operation**
Monday through Thursday 8AM to 7PM, Friday 8AM to 5PM, Central Time

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

PAY ONLINE ➤ law-mba.com

DEPT 923
PO BOX 4115
CONCORD

903X73818593
26053358
$1167.60

Mitchell D. Bluhm & Associates