# Exhibit A

IN THE COUNTY COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 502022 CC 012769 XXXXMB

DIV RE

**HARRISON DESFORGES,**

    Plaintiff,

v.

**CIVIL ACTION SUMMONS**

**THE LAW OFFICES OF MITCHELL D. BLUHM & ASSOCIATES LLC,**

    Defendant.

_____/

ABP# 3513
DATE 10/31/22  TIME 1:48 pm
Name ___ Badge/ID# ___
*** scan back executed ***

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    The Law Offices of Mitchell D. Bluhm & Associates LLC
    C/O: CT Corporation System
    1200 South Pine Island Road
    Plantation, Florida 33324

    Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Thomas Patti, Esq., Patti Zabaleta Law Group, 3323 Northwest 55th Street Fort Lauderdale, Florida 33309, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: 10/28/2022 02:52:56 PM

Joseph Abruzzo, Clerk of the Court

By: _Kayla Gurbahany_
    As Deputy Clerk

## IMPORTANT

  A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

  Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

  Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Dated: October 27, 2022

              Respectfully Submitted,

              _/s/ Thomas Patti_
              **THOMAS PATTI, ESQ.**
              Florida Bar No. 118377
              E-mail: Tom@pzlg.legal
              **VICTOR ZABALETA, ESQ.**
              Florida Bar No. 118517
              E-mail: Victor@pzlg.legal
              PATTI ZABALETA LAW GROUP
              3323 Northwest 55th Street
              Fort Lauderdale, Florida 33309
              Phone: 561-542-8550

              COUNSEL FOR PLAINTIFF

This notice is provided pursuant to Administrative Order No. 2.207-6/22

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Joi Lasnick, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con Joi Lasnick, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte Joi Lasnick, kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE COUNTY COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

## STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN COUNTY CIVIL CASES IN THE PALM BEACH COUNTY COURT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed on or after April 30, 2021:

1. **SERVICE OF THIS ORDER**. The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM**. The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in a good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **NON-APPLICABILITY TO SMALL CLAIMS CASES**. The above outlined civil case management system does not apply to cases proceeding under the Florida Rules of Small Claims. However, when parties to a small claims case (including Personal Injury Protection cases) file a Stipulation to Invoke the Rules of Civil Procedure, the civil case management system will apply. Therefore, parties to small claims cases who invoke the Rules of Civil Procedure should submit an Agreed Case Management Plan and Order Approving the Agreed Case Management Plan as outlined above along with their Stipulation to Invoke the Rules of Civil Procedure.

4. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**. ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, on this 26th day of April, 2021.

_____
Administrative County Judge

IN THE COUNTY COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No.

HARRISON DESFORGES,

    **Plaintiff,**

v.

THE LAW OFFICES OF MITCHELL D.
BLUHM & ASSOCIATES LLC,

    **Defendant.**

_____/

### PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT

    Plaintiff Harrison Desforges propounds the following discovery requests on Defendant The Law Offices of Mitchell D. Bluhm & Associates LLC. Responses to these discovery requests are due forty-five (45) days from the below service date. Attached as Appendix "A" are definitions of terms and phrases used in these discovery requests.

    The responses to these discovery requests must be sent *via* e-mail to: **Thomas Patti, Esq.**, at tom@pzlg.legal and **Victor Zabaleta, Esq.**, at victor@pzlg.legal.

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on October 27, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                 /s/ Thomas J. Patti
                                **THOMAS J. PATTI, ESQ.**
                                Florida Bar No. 118377
                                E-mail:   tom@pzlg.legal
                                Phone:   561-542-8550

                                *COUNSEL FOR PLAINTIFF*

## INTERROGATORIES

(1) Describe, step-by-step, the process which resulted in the Collection Letter being transmitted to Plaintiff, beginning with the date and method of transmission of Plaintiff's information to Defendant, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

**Response**:

(2) Please state whether you sent, or caused to be sent, written correspondence(s) addressed to Plaintiff in an attempt to collect upon an account in the Plaintiff's name. If so, for each such correspondence, please state the date that the correspondence was sent and by whom it was sent.

**Response**:

(3) For each correspondence identified in your response to interrogatory number two (2) above, please state whether you utilized, hired, retained, contracted with or otherwise engaged a third-party to draft, prepare, generate, print, mail and/or otherwise transmit the correspondence. If so, please identity each such third-party by name, address, and telephone number, and state how each third-party was utilized. The term "third-party" includes, but is not limited to, a printing, letter and/or mailing vendor, an example of which is CompuMail, Inc.

**Response**:

(4) For each third-party identified in your response to interrogatory number three (3) above, please list the information regarding Plaintiff and/or any account in the name of Plaintiff that was provided by you to the third-party (e.g. name, address, account number(s), account balance(s), account creditor(s), account owner(s), account status(es), date(s) of service, etc.) and the manner by which the information was provided.

**Response**:

(5) For each third-party identified in your response to interrogatory number three (3) above, please describe fully any system(s), file(s), and/or document(s) that were used to transmit information regarding Plaintiff to the third-party.

**Response**:

(6) For each third-party identified in your response to interrogatory number three (3) above, please identify any documents reflecting any agreement(s) or understanding between you and the third-party.

**Response**:

(7) Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, that Defendant does not maintain.

**Response**:

(8) Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, maintained by Defendant regarding Plaintiff or the Debt that are not current within one week of the current date.

**Response**:

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## REQUEST FOR PRODUCTION OF DOCUMENTS

*Please produce copies of the following documents:*

1. Copies of the documents that Defendant sent to Plaintiff during the two (2) years prior to the commencement of the above-captioned action.

2. Copies of the documents utilized or referenced by Defendant to create or draft the Collection Letter.

3. Copies of the documents, including manuals, instructions and guidelines, setting forth the policies and procedures of debt collection employed by Defendant during the two (2) years prior to the commencement of the above-captioned action.

4. A copy of the records specified by Rule 69V-180.080(1) with respect to Plaintiff and/or the Debt.

5. A copy of the records specified by Rule 69V-180.080(2) with respect to Plaintiff and/or the Debt.

6. A copy of the records specified by Rule 69V-180.080(3) with respect to Plaintiff and/or the Debt.

7. A copy of the records specified by Rule 69V-180.080(4) with respect to Plaintiff and/or the Debt.

8. A copy of the records specified by Rule 69V-180.080(5) with respect to Plaintiff and/or the Debt.

9. A copy of the records specified by Rule 69V-180.080(6) with respect to Plaintiff and/or the Debt.

10. A copy of the records specified by Rule 69V-180.080(7) with respect to Plaintiff and/or the Debt.

11. A copy of the records specified by Rule 69V-180.080(8) with respect to Plaintiff and/or the Debt.

12. A copy of the records specified by Rule 69V-180.080(9) with respect to Plaintiff and/or the Debt.

13. A copy of the records specified by Rule 69V-180.080(10) with respect to Plaintiff and/or the Debt.

14. A copy of the records specified by Rule 69V-180.080(11) with respect to Plaintiff and/or the Debt.

15. A copy of the "written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer" required by Rule 69V-180.090(2).

16. A complete copy of any insurance policies covering Defendant for violations of the FDCPA or FCCPA during the relevant period.

17. Copies of the documents relied or referenced by Defendant in responding to the Interrogatories propounded on Defendant in the above-captioned action.

18. Copies of the documents that Defendant was asked to identify in response to Plaintiff's interrogatories.

19. Copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## REQUESTS FOR ADMISSION

*Please admit or deny the following:*

1. Admit that the Collection Letter is a true and correct copy of a document Defendant sent to Plaintiff.

2. Admit that the Collection Letter is a communication in connection with the collection of a debt.

3. Admit that Defendant is a "consumer collection agency" as defined by the FCCPA.

4. Admit that Defendant is actively registered as a consumer collection agency with the Florida Office of Financial Regulation.

5. Admit that Defendant maintains all records specified by Rule 69V-180.080, Florida Administrative Code.

6. Admit that all records maintained by Defendant, as specified by Rule 69V-180.080, Florida Administrative Code, are current to within one week of the current date.

7. Admit that the Debt is a "consumer debt" as defined by the FDCPA;

8. Admit that Defendant is a "debt collector" as defined by of the FDCPA.

9. Admit that Defendant engaged in collection activity by sending the Collection Letter to Plaintiff.

10. Admit that you attempted to collect a financial obligation from Plaintiff within the last year.

11. Admit that you attempted to collect a financial obligation from Plaintiff within the last year that was incurred primarily for personal, family, or household purposes.

12. Admit that you regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## VERIFICATION

Under penalties of perjury, I, the undersigned affiant, declare that I have read the above Answers to Interrogatories, and that the Answers are true and correct.

_____
AFFIANT SIGNATURE

_____
PRINTED NAME OF AFFIANT

_____
CAPACITY / TITLE OF AFFIANT

**BEFORE ME**, the undersigned authority, personally appeared _____, who produced as identification _____, bearing number _____ expiring on _____ who did take an oath, who stated that he/she is the person noted above, and that, according to his/her best knowledge and belief, the forgoing answers are true and correct.

Sworn to and subscribed before me, this _____ day of _____, 201_____.

_____
SIGNATURE OF NOTARY

_____
PRINTED NAME OF NOTARY

[   SEAL   ]

SEAL OF NOTARY

## APPENDIX "A" – DEFINITIONS

(1) "Action" shall mean the above captioned matter.

(2) "Any," "All," and "each" shall be construed as any, all and each.

(3) "And" shall mean and/or.

(4) "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5) "Complaint" means the operative Complaint filed in the above captioned action.

(6) "Collection Letter" shall refer to the "Collection Letter" identified in the Complaint.

(7) "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8) "Defendant," "you," and "your" shall mean the above-captioned Defendant, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9) "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10) "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams,

       messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Rules.

(11)    "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq.

(12)    "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

(13)    "Including" means: (1) including, but not limited to, or (2) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14)    "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15)    "Or" shall mean and/or.

(16)    "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17)    "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18)    "Plaintiff" or "Plaintiff's" shall mean the above-captioned Plaintiff.

(19)    "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on the date of these requests.

(20)    "Third-party," "third-parties," "vendor," and/or "vendors," shall mean: any person or entity other than Plaintiff, Plaintiff's attorney, the current creditor of the Consumer Debt and said current creditor's attorney.

(21)    The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

(22)    The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.